UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAXALBUMUS INC, JIE YU also known as
Yvonne Yu and CHI HEN HUANG also known as
Max Huang,

                          Plaintiffs,                  **REPORT AND**
                                                            **RECOMMENDATION**
                -against-                    CV 18-3450 (ADS) (ARL)

DIRECT MOVERS LLC, SALIH DELKY and
KEN JACKSON,

                          Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       The plaintiffs, Maxalbumus Inc, Jie Yu ("Yu") and Chi Hen Huang ("Huang"), commenced this action on June 13, 2018, against the defendants, Direct Movers LLC, Salih Delky and Ken Jackson, asserting claims for breach of contract, unjust enrichment, promissory estoppel, conversion, fraud and fraudulent inducement. To date, the defendants have not answered or moved with respect to the complaint. On April 2, 2019, the plaintiffs moved for a default judgment. By order dated April 3, 2019, District Judge Spatt referred the motion to the undersigned to determine whether the motion should be granted and, if so, the appropriate amount of damages, costs, and/or fees to be awarded upon such determination. For the reasons set forth below, the undersigned respectfully recommends that the plaintiffs' motion for a default judgment be denied with leave to renew.

**BACKGROUND**

    **I.**    **Factual Background**

       The following facts are taken from the complaint as well as the plaintiff's motion for default judgment and the exhibits attached to that motion. The plaintiffs Yu and Huang manage

and run Maxalbumus, Inc., a corporation that provides services including photography, videography, wedding and event planning. Compl. ¶¶ 10, 11. Maxalbumus also sells photography equipment and materials for making photography products. *Id.* ¶ 10. In or about December 2017, the plaintiffs signed up for an exhibit stand at the 2018 Wedding & Portrait Photography Conference and Expo (the "Expo") in Las Vegas, Nevada, the largest wedding and portrait photography show in the country. *Id.* ¶ 12. The Expo was scheduled to take place from February 26, 2018 to February 28, 2018. *Id.* Yu and Huang intended to market and sell photography equipment, materials and products to the attendees of the Expo and to promote the business of Maxalbumus. *Id.* ¶ 13.

In preparation for the Expo, the plaintiffs imported wood boards, a roll laminator, alloy frames, glitter laminator papers and other materials from China and collected samples of products to show potential buyers. *Id.* Yu and Huang then searched for shipping companies to move their products from New York to California.[1] *Id.* ¶ 14. To that end, Yu and Huang contacted a company called Fast Moving Inc. *Id*. Yu and Huang explained to Fast Moving Inc.'s representative, Ken Jackson ("Jackson"), that their products had to be delivered to California before the Expo was held, and Jackson guaranteed that they could be delivered before the Expo began. *Id.* ¶ 15.

On February 12, 2018, Jackson offered to move the plaintiff's products for $1,699.64. *Id.* ¶ 16. According to the plaintiffs, the price was based on the volume of the products not their weight. *Id.* Yu accepted the offer and verified that the products would be delivered before February 21, 2018. *Id.* ¶ 17. Following the parties' discussion, the plaintiffs paid a deposit of $475 as per Jackson's request and scheduled a pick-up for February 14, 2018. *Id.* ¶ 18.

---

[1] The complaint does not make clear why the products were being shipped to California rather than Nevada.

2

On February 14, 2018, two movers "showed up" and placed the products onto their truck. *Id.* ¶ 19. One of the movers then passed a three-page blank form to Huang and asked him to sign the blank form, promising that he would be delivering a proper contract. *Id.* Huang noticed that the name of the company on the form was "Direct Movers" instead of "Fast Moving Inc." *Id.* Two days later, Yu and Huang tried to contact Jackson, by both email and telephone, to obtain an update on the delivery but received no answer. *Id.* ¶ 21. It was not until the next day that the defendant, Salih Delky ("Delky"), finally picked up the phone. *Id.* ¶ 22. Delky stated that he was the owner of the company. *Id.* He told the plaintiffs that because their products were heavy, the cost of the delivery would be $4,200 rather than $1,699.64. *Id.* Delky further stated that unless Yu and Huang paid him $2,500 that day, the products would not be delivered on time. *Id.* Huang was shocked by Delky's demand as he had verified with Jackson that the shipment price would be based on volume instead of weight. *Id.* ¶ 23.

During the following days, Yu and Huang repeatedly asked Delky to confirm the delivery date and reminded him that the products had to be delivered to California by February 21, 2018, to be in time for Expo. *Id.* ¶ 24. In addition, Huang spoke to Jackson in order to clarify to what company he should issue the check. *Id.* ¶ 25. Ken responded that the company name was, in fact, Direct Movers LLC, not Fast Moving Inc. *Id.* Despite Jackson's directions, rather than forwarding a check for the balance, Huang and Yu went to the office of "Fast Moving Inc." to resolve the dispute. *Id.* ¶ 26. When they arrived, they were met by Delky who stated "if you don't pay anything today, I will increase the fee to $5,000 . . .. And your stuff will be delivered 21 days later." *Id.* Huang and Yu did not pay the fee and instead repeated their request that the products be timely delivered so that they would not miss the Expo. *Id.* ¶ 27.

Ultimately, Huang and Yu realized that the defendants were not going to deliver their products on time so they tried to repurchase photography products and materials and carried the newly purchased products with them to California. *Id.* ¶ 28. On February 21, 2018, Huang and Yu flew to California to prepare for the Expo. *Id.* ¶ 29. The following day, they drove to Las Vegas and participated at the show. *Id.* ¶ 30. According to the plaintiff, they only made a profit of $200 from the materials and products they managed to collect at the last minute. *Id.* ¶ 31.

Following the Expo, Huang and Lu found out that Fast Moving Inc. was not a registered corporation in New Jersey. *Id.* ¶ 32. To date, the defendants have retained their products, which Huang and Yu value at $162,604.00. Huang Decl. ¶ 8. The plaintiffs also assert that they incurred costs and expenses amounting to $7,311.47 preparing for the Expo. *Id.* ¶ 9. Accordingly, the plaintiffs now seek damages amounting to $169,915.47.

## II.     Procedural Background

As stated above, the plaintiffs filed the complaint in this action on June 13, 2018. ECF No. 1. The summons and complaint were served on Direct Movers LLC, by service on Delky at 3221 Bergenline Avenue, Union City, New Jersey, on July 17, 2018. ECF No. 6. The summons and complaint were served on Delky at 2210 Grand Avenue, Apt. 1, North Bergen, New Jersey, the following day. ECF No. 5. The defendant, Ken Jackson was served on September 11, 2018, at Direct Movers by service on its secretary, Barbara Veloz. ECF No. 7.
On November 21, 2018, the plaintiffs filed a request for a certificate of default as to all of the defendants with the Clerk of Court. ECF No. 8. That request was denied. The Clerk of the Court found that the declaration accompanying the request had failed to comply with Local Civil Rule 55.1(b)(1) and (3) in that it did not demonstrate that the parties were not infants,

4

incompetents, or in the military service, and there was no indication that the pleading had been properly served.

On December 7, 2018, the plaintiff renewed its request to the Clerk of the Court. ECF No. 9. Three days later, the Clerk of the Court certified that the defendants Direct Moving LLC, Delky and Jackson had not filed answers or otherwise moved with respect to the complaint. ECF No. 10. On April 4, 2019, the plaintiffs filed the instant motion for a default judgment. ECF No. 11. ECF No. 14. By Order dated April 3, 2019, that motion was referred to the undersigned. To date, the defendants have not opposed the motion for default judgment or responded in any way.

## DISCUSSION

### I.  Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).

A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II. Liability

A breach of contract action is generally pleaded by stating "(1) the terms of the contract, (2) the performance by the plaintiff of his obligations, (3) the breach by the defendant, (4) damages, and (5) consideration." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *accord Kausal v. Educ. Prods. Info. Exchange Institute*, 105 A.D.3d 909, 910, 964 N.Y.S.2d 550 (2d Dep't 2013). In this matter, the plaintiffs have pleaded the existence of an oral agreement between Maxalbumus and Direct Movers LLC. *See* Compl. ¶¶ 16-17. In this regard, Yu and Huang allege that on or about February 12, 2018, they entered into an agreement with Direct Movers LLC pursuant to which Direct Movers would ship their photography products to California by February 21, 2018, for $1699.64. *Id.* The oral agreement reached between the companies also stated that the cost of the transport was to be based on volume rather than weight. *Id.* ¶ 16. In light of the above, the Court finds that the plaintiffs have adequately alleged the terms of the contract and the consideration to be paid. However, the plaintiffs' supporting papers leave open an issue concerning their performance under the oral agreement. Indeed, the allegations in the complaint suggest that the plaintiffs never attempted to pay the defendants the balance of the $1,699.64. Specifically, according to the allegations in the complaint, after they sent the defendants the $475 deposit, Yu and Huang felt they would not make any further

payments after Delky unilaterally raised the price for the shipment. *Id.* ¶ 27. Moreover, the plaintiffs' papers suggest that Yu and Huang signed a blank written agreement on the day the movers arrived, which may have superseded the oral agreement. Without more information, the Court cannot report that the plaintiffs have adequately pleaded a breach of contract claim.[2]

The plaintiffs have also included causes of action for unjust enrichment, promissory estoppel, conversion, fraud and fraudulent inducement. Although the Court has not yet determined if the plaintiff have a valid claim for breach of contract, the Court recommends that its consideration of the alternative claims be reserved pending review of the plaintiff's renewed motion as those alternative claims may be duplicative of the breach of contract claim.

Finally, with respect to the relief request, the Court notes that while a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). The undersigned notes that the exhibits annexed to the instant motion papers do not provide adequate support for the damages sought. To begin with, the plaintiffs are seeking to be reimbursed for products that they claim the defendants have retained. In support of their demand for damages, Huang annexed a summary of the products he purchased rather than providing the Court with the invoices or receipts for the items he alleges he obtained from China for the Expo. Huang Decl. ¶ 8. In addition, the plaintiffs seek to be reimbursed for the cost and expenses they incurred preparing for the Expo.

---

[2] It is also unclear if the allegations in the complaint demonstrate a valid claim against Jackson who appears to be an employee of Direct Moving.

Once again, the plaintiffs have submitted a summary of those expenses rather than providing the court with receipts or invoices which would enable it to confirm the amount of damages the plaintiffs incurred. Thus, the undersigned respectfully recommends that the plaintiffs' motion for a default judgment be denied with leave to renew.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiffs shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       December 9, 2019

                                             _____/s/_____
                                             ARLENE R. LINDSAY
                                             United States Magistrate Judge