**FILED**
**CLERK**

12:14 pm, Mar 26, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MAXALBAUMUS INC., JIE YU also known as
Yvonne Yu and CHI HEN HUANG also known
as Max Huang,

                  Plaintiffs,

        -against-

DIRECT MOVERS LLC, SALIH DELKY and
KEN JACKSON,

                  Defendants.
--------------------------------------------------------X

**ADOPTION ORDER**
2:18-cv-3450 (ADS) (ARL)

**APPEARANCES:**

**Kevin Kerveng Tung P.C.**
*Attorneys for the Plaintiffs*
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
        By:    Kevin K. Tung, Esq., Of Counsel.

**SPATT, District Judge**:

On June 13, 2018, Plaintiffs Maxalbumus Inc., Jie Yu, and Chi Hen Huang (the "Plaintiffs") brought this action against Direct Movers LLC, Salih Delky, and Ken Jackson (the "Defendants"), following a dispute over the shipment of photography equipment. ECF 1. The Plaintiffs asserted claims for breach of contract, unjust enrichment, promissory estoppel, conversion, fraud, and fraudulent inducement. *Id.* at 5–9.

On December 7, 2018, after the Defendants failed to answer or otherwise respond, the Plaintiffs requested a certificate of default against all Defendants. ECF 9. On December 10, 2018, the Clerk of the Court issued a Certificate of Default as to all Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 55(a). ECF 10.

1

The Plaintiffs moved for a default judgment against all Defendants on April 2, 2019. ECF 11. The following day, the Court referred the motion to United States Magistrate Judge Arlene R. Lindsay for a Report and Recommendation as to whether the motion for a default judgment should be granted, and if so, what damages should be awarded. ECF 12.

On December 9, 2019, Judge Lindsay issued the Report and Recommendation ("R&R"), recommending that the motion be denied, with leave to renew. ECF 13 at 8. Judge Lindsay reasoned that the Plaintiffs had adequately pleaded the existence of an oral agreement with the Defendants, along with the terms of the agreement—the shipment of photography equipment, with the cost of transport based on the volume of the equipment—and the $1,699.64 consideration to be paid. *Id.* at 6. However, Judge Lindsay also noted the following:

> [T]he plaintiffs' supporting papers leave open an issue concerning their performance under the oral agreement. Indeed, the allegations in the complaint suggest that the plaintiffs never attempted to pay the defendants the balance of $1,699.64. Specifically, according to the allegations in the complaint, after they sent the defendants the $475 deposit, Yu and Huang felt they would not make any further payments after Delky unilaterally raised the price for the shipment. Moreover, the plaintiffs' papers suggest that Yu and Huang signed a blank written agreement on the day the movers arrived, which may have superseded the oral agreement. Without more information, the Court cannot report that the plaintiffs have adequately pleaded a breach of contract claim.

*Id.* at 6–7 (internal citations omitted). Judge Lindsay also recommended reserving consideration of the Plaintiffs' other claims, pending review of the Plaintiff's renewed motion for a default judgment, "as those alternative claims may be duplicative of the breach of contract claim." *Id.* at 7. Judge Lindsay further stated that the Plaintiffs only provided a summary of their alleged damages, "rather than providing the court with receipts or invoices which would enable it to confirm the amount of damages the plaintiffs incurred." *Id.* at 7–8.

The Plaintiffs filed proof of service of the R&R on March 10, 2020. ECF 14, 15, 16. It has been more than fourteen days since the service of the R&R. The parties have not filed

objections.  As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and, finding none, now concurs in both its reasoning and its result.  *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety.  The Court denies the Plaintiffs' motion for a default judgment, with leave to renew.  The Plaintiffs may re-file their motion for a default judgment with supplemental documentation within 30 days of the date of this order.

**SO ORDERED.**

Dated:     Central Islip, New York

March 26, 2020

_        /s/ Arthur D. Spatt        

ARTHUR D. SPATT

United States District Judge