FILED
CLERK

2/22/2021 11:40 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MAXALBUMUS INC ET AL.,

                Plaintiff,

  -against-

DIRECT MOVERS LLC, SALIH DELKY and
KEN JACKSON,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-3450 (JMA) (ARL)

**AZRACK, United States District Judge:**

    The plaintiffs, Maxalbumus Inc, Jie Yu, and Chi Hen Huang (collectively, "Plaintiffs"), commenced this action on June 13, 2018, against the defendants, Direct Movers LLC, Salih Delky, and Ken Jackson, asserting claims for breach of contract, unjust enrichment, promissory estoppel, conversion, fraud, and fraudulent inducement.  On April 2, 2020, Plaintiffs moved for default judgment.  On April 3, 2019, Judge Spatt referred Plaintiffs' motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R").  On June 30, 2020, this case was reassigned to this Court.  On December 4, 2020, Judge Lindsay issued an R&R recommending that Plaintiffs' motion for default judgment be granted as to Defendants Direct Movers LLC and Salih Delky, and that the claims against Defendant Ken Jackson be dismissed.

    In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Those portions of a report and recommendation to which there is no specific

1

reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

To date, no objections have been filed to the R&R and the deadline for filing any such objections has passed.

I have reviewed Judge Lindsay's R&R for clear error, and finding none, I adopt the R&R in its entirety as the opinion of this Court. Accordingly, Plaintiffs' motion for default judgment is granted as to Defendants Direct Moving LLC and Salih Delky. The Court finds that Plaintiffs have adequately pled a breach of contract claim[1] against Defendants Direct Moving LLC and Salih Delky, as well as entitlement to $169,915.47 in damages plus prejudgment interest from February 21, 2018 to the date judgment is entered. The Court dismisses the claims against Defendant Ken Jackson.

The Clerk of the Court is respectfully directed to enter judgment against Defendants Direct Moving LLC and Salih Delky as follows: Defendants Direct Moving LLC and Salih Delky are liable to Plaintiffs for $169,915.47 in damages and $45,960.97[2] in prejudgment interest for a total amount of $215,876.44.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: February 22, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] As explained in the R&R, the Court need not address Plaintiffs' causes of action for unjust enrichment, promissory estoppel, conversion, fraud, and fraudulent inducement since they are duplicative of the breach of contract claim.

[2] ($169,915.47 x 0.09/365 x 1097 days (February 21, 2018 to February 22, 2021)) = $45,960.97